IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3023 |
| vs. | |
| JENNIFER A. ROSENBLATT, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected (filing 32) to the presentence report, and filed a motion for variance (filing 33) from the advisory Guidelines range.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected (filing 32) to the presentence report. Specifically, she contests the presentence report's loss calculation (which will also be relevant to the issue of restitution).[1] The defendant has admitted taking at least $92,679.38. Filing 32 at 2. But she disputes the remaining $14,033 found by the presentence report to have been taken, the most important of which appears to be $6,155 in payments made to the defendant's business that the defendant claims were made for authorized printing services.

---

[1] Although the gross amounts of loss for sentencing purposes and loss for restitution purposes are often calculated in the same manner, the two determinations serve different purposes and thus *may* differ depending on the relevant facts. *United States v. Lange*, 592 F.3d 902, 907 (8th Cir. 2010). But neither party has directed the Court to any basis for distinguishing those calculations in this case.

The difference is meaningful under the Guidelines because under U.S.S.G. § 2B1.1(b), a loss to the victim of more than $95,000 results in an 8-level enhancement to the offense conduct, while a loss of between $40,000 and $95,000 results in only a 6-level enhancement. And, of course, the difference is meaningful to the defendant and the victim because of the Court's obligation to award restitution. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).

The government has the burden to prove actual loss, for fraud purposes, by the preponderance of the evidence. *United States v. Markert*, 774 F.3d 922, 925 (8th Cir. 2014). Similarly, the government must prove restitution is warranted by a preponderance of the evidence, by showing the actual, provable loss. 18 U.S.C. § 3664(e); *United States v. Martinez*, 690 F.3d 1083, 1088 (8th Cir. 2012). Accordingly, the Court will resolve the issues of loss calculation and restitution at sentencing, based on whether the government can prove that the disputed amounts exceeding $92,679.38 were stolen.

3. The defendant also moves for a downward variance from the advisory guidelines range, based on her personal circumstances, the circumstances of the offense, and the § 3553(a) factors. *See* filing 34. The Court will resolve that motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 16th day of January, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge